## SUSAN W. HARRIS

*v.*

## MOSES W. LESTER *et al.*

1. PURCHASER *under judicial sale.* No principle of law is better settled than that, where a court has jurisdiction of the subject matter and of the persons of the parties, its judgment or decree, when questioned collaterally, will be held valid, and, notwithstanding the court may have proceeded irregularly, a purchaser in good faith, under its judgment or decree, will be protected.

2. ADMINISTRATOR'S SALE OF LANDS—*sufficiency of affidavit to authorize publication.* It is not necessary that an affidavit filed in a proceeding by an administrator or executor for an order to sell lands to pay debts, to authorize the publication of notice, should be entitled in the case. It will be sufficient if it states the necessary facts, and is filed in the case, even if not entitled at all, and without any caption.

3. AFFIDAVIT—*defined.* An affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption whatever, it is nevertheless an affidavit.

4. LOST RECORD OR FILE—*order restoring without notice, void.* Where a notice by publication, and the certificate of publication in a proceeding

Statement of the case.

by an executor to sell lands, are lost, an order of the court substituting a copy, without notice to parties to be affected thereby, and on *ex parte* affidavits, is a nullity, and binding on no one.

5. The power of the court to replace that which has been lost or destroyed from the files, for any cause, can not be invoked, except upon reasonable notice to parties adversely interested.

6. EVIDENCE—*to explain or contradict record.* The record of a court can never be contradicted, varied or explained by evidence beyond or outside the record itself. The record must be tried and construed by itself. This rule applies to evidence to contradict the finding of a court as to its jurisdiction by the due publication of notice.

7. JURISDICTION—*effect of finding in respect to jurisdictional facts.* In all collateral proceedings, the finding of the court that the defendants were duly notified by publication, will be sufficient evidence of that fact, unless the record shows something to the contrary.

8. SAME—*presumption.* It will be presumed that any court, in the absence of competent evidence to the contrary, before adjudicating upon the rights of litigants, heard evidence, and was satisfied, in some legitimate mode, that the defendants were duly notified according to law.

9. EVIDENCE—*to show jurisdiction of defendants' persons.* If the service upon defendants is by summons, verbal testimony can not be received to prove or aid it, but if the service is by publication of notice, parol evidence may be received to show the notice was duly published.

10. ADMINISTRATOR'S SALE—*omission to make guardian of minor defendants a party.* In a proceeding by an executor to sell lands to pay debts, the omission to make the guardian of the minor heirs, or devisees, a party, would doubtless be error, in a direct proceeding to reverse the decree; but in a collateral proceeding, the omission to make any person a party, as required by statute, will not render the decree void as to persons made parties, and over whom the court acquires jurisdiction. If the guardian, who is also widow and devisee, is in fact made a party, it matters not that she is not described as guardian. Being in court, she can defend in any capacity she chooses.

11. SAME—*errors and irregularities not fatal in a collateral proceeding.* Mere errors and irregularities, not going to the jurisdiction of the court, will not vitiate a proceeding by a personal representative to sell lands to pay debts, however fatal they might be in a direct proceeding to reverse.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

The opinion of the court gives a condensed statement of the essential facts involved in the case. The complainant appealed

from the decree below. The defendants below were the parties claiming title under the executor's sale.

Mr. H. WALLER, and Mr. EDWARD ROBY, for the appellant.

Mr. GEORGE F. BAILEY, Mr. CHARLES W. GRIGGS, and Messrs. TULEY, STILES & LEWIS, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Subject to the payment of his debts, Stephen A. Douglas devised all his real estate, one-half to his wife, Adele Douglas, and the other half to his two sons, Robert M. and Stephen A. Douglas. He nominated his wife and Daniel P. Rhodes as executors of his will, but only the latter qualified and took upon himself the duties of the trust imposed. Such proceedings were subsequently had in the circuit court of Cook county, where the testator had resided, and where the lands are situated, on the petition of the executor, that he was authorized, by a decree of that court, to sell, and did, in pursuance of the decree, sell all the lands of which the testator died seized, to pay the debts of the estate. The lands passed into the hands of *bona fide* purchasers, and many of them have since been conveyed to other parties, who have made valuable improvements, and, from that cause and the general prosperity of the country, they have risen greatly in value. Mr. Douglas died in June, 1861; his will was admitted to probate in July following, and in 1864 the sale of the property to pay debts took place.

Complainant claims to have been a creditor of the estate, but she never presented her claim, whatever it may have been, against the estate for allowance.

In 1874, Robert M. and Stephen A. Douglas, who had then become of age, conveyed, by quitclaim deed, whatever interest they had in the undivided half of the lands in controversy to complainant. The consideration named in the deed is nominal, but it is alleged the conveyance was made in consideration of the indebtedness due from the estate to her. Upon obtain-

310 HARRIS *v.* LESTER *et al.* [Sept. T.

Opinion of the Court.

ing this title, complainant filed a bill for partition, claiming to be the owner in fee of one-half of the property, and that the proceedings under which the executor's sale took place were void, making defendants the unknown owners of the interest of Mrs. Douglas, and persons holding under her as parties claiming the other half, and also the purchaser at the executor's sale and parties claiming under him. She asks to have her title to one-half of the lands in controversy established, and that the proceedings of the court and the executor's sale thereunder be declared void, and removed as a cloud upon her title.

Most of defendants answering admit the death, will and seizin of the testator, and claim title under the executor's sale.

There is no controversy, the present holders all acquired title in good faith, for a valuable consideration, and with no other notice of any defect in their respective titles than what may appear on the records of the court under which the executor's sale was made. A great many objections have been taken to the validity of the proceedings under which defendants obtained their titles, but being collaterally assailed as they are, it will only be necessary to notice such as have relation to the jurisdiction of the court to pronounce the decree.

No principle of law is better settled than, where a court has jurisdiction of the subject matter and the persons of the parties, its judgment or decree, when questioned collaterally, will be held valid; and, notwithstanding the court may have proceeded irregularly, a purchaser in good faith, under its judgment or decree, will be protected. This rule has its foundation in the policy of the law, and is intended to give permanency to all judicial transactions and rights acquired thereunder.

The petition for the sale of the lands of the estate was by the executor filed in the circuit court of Cook county. It is in the usual form, and contains every material allegation necessary to give the court jurisdiction in the premises. It sufficiently appears from the record the real estate was situated in that county, and that it had been the residence of the testator. Under the statute, that court had jurisdiction to order the sale

of the real estate to pay debts. The heirs of the testator and his wife, all of whom were devisees under the will, were made defendants. A summons, in the usual form, was issued against them, but was returned by the sheriff not found as to all the defendants. Our statute has made provision, where the defendants in any such proceeding are non-residents of the State, for bringing them into court by publication.

This was done, but one of the principal objections urged, as showing a want of jurisdiction in the court to pronounce the decree, is, that the affidavit of Jackson as to the non-residence of the several defendants is a nullity, and the reason assigned is, it was not entitled in any court or in any cause, nor could it be told, from it, who was the plaintiff that was suing the persons called defendants. The argument is, that such a paper is not an affidavit, but we are unable to appreciate the reasoning by which such a conclusion is reached. An affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption whatever, it is nevertheless an affidavit.

All the statute requires in such cases is, that petitioner shall file an affidavit in the office of the clerk of the court in which his petition is pending, showing that any defendant resides or has gone out of the State, to authorize the clerk to make publication as to such defendant. It does not require the affidavit shall be in any particular form, or even that it shall be entitled in the cause. Petitioner is only required "to file with the clerk of the court in which his petition is pending an affidavit showing that any defendant resides or hath gone out of the State," to authorize the clerk to make publication.

The record in this case discloses affirmatively an affidavit, showing that all the defendants in the proceeding in the circuit court to sell the real estate of the testator were non-residents of the State, was filed in the office of the clerk of the court in which the cause was pending, with the files of the cause, immediately before publication was made, and that is

all the law requires to be done. This view of the meaning of the statute is a full and complete answer to all the subtle reasoning of counsel upon this subject. The affidavit is fully identified as having been filed in that cause, and what possible difference can it make whether the title of the cause was written on the face, above the affidavit, or on the back of it, or not at all? Upon what principle, or by what process of reasoning, however subtle, could so trifling an omission, even if the statute had directed the affidavit to be entitled in the cause, which it does not, be regarded, in a collateral proceeding, as of sufficient importance to vitiate a solemn judgment of a court of superior jurisdiction, long years after it had been pronounced, and after parties, strangers to the record, had acquired rights under it? Should courts hold judgments invalid, as having been pronounced without jurisdiction, for such unsubstantial reasons, purchasers at judicial sales would have but slight security for the titles to their property.

But a question is made as to the sufficiency of the publication notice to give the court jurisdiction of the persons of defendants, because it did not contain a "description of the premises described in the petition." The statutory provision is, the notice shall contain "the names of the parties thereto, the title of the court, and the time and place of the return of the summons, and a description of the premises described in the petition." The notice, in fact, contained everything the statute required it should contain, except a description of the premises to be sold, and was published for the requisite length of time.

The original records of the circuit court in which the proceedings to sell the lands of the testator were had, were destroyed by fire in 1871. All the evidence we have of the contents of the original records in that cause is derived from a certified copy of the record that was made in 1870, on the application of the widow and heirs to have the clerk make a complete record of all the files of the cause on the record books of the court, under the provisions of the statute which gives a party the right to have complete record made at his

own costs. When the clerk came to make up the record, no copy of the publication notice or the publisher's certificate could be found among the files. This fact he reported to the court.

A petition was then filed by the parties interested, in which they recited the proceedings to cause a complete record to be made up, and the inability of the clerk to comply with the order, and with it brought into court what they insisted was a copy of the publication notice and a copy of the proof of publication, and asked that such copies might be filed as of the proper time, and be substituted in place of the originals so lost or mislaid, in making a complete record. On this application, the court heard *ex parte* affidavits, and on the 28th day of March, 1870, an order was entered finding that the publication notice, part of the files in the original cause, had been lost, and could not be found, and directed the one recited in the application be substituted in the place of the one lost, as a part of the record; and further finding that the notice had been published in the "Chicago Post," and a certificate of such publication made, which had also been lost, and in like manner directed a copy of it to be filed as a part of the record.

These proceedings were had in the circuit court without any notice to the petitioner in the original cause, or to any of the purchasers at the executor's sale, or to any other person adversely interested. Nearly six years had elapsed from the making of the final order in the original cause after the sale, and we may presume it had been off the docket for that length of time. There being no notice to any whose interests were to be affected, or the adverse party, the proceedings to restore the lost files were without authority of law and void. This proposition is so plain it need not be elaborated. Here was a proceeding to make a publication notice a part of the record in place of the original one lost from the files, which would, in the opinion of counsel, show the court had no jurisdiction of the cause; and yet, the parties most vitally interested had no notice any steps were being taken in the cause. The title of all the purchasers at the executor's sale, and their grantees

in possession of the property to be affected, was to be invalidated if this adjudication of the court is to be permitted to stand, in a proceeding to which they were in nowise made parties, and of which neither they nor any one interested in maintaining the decree of the court had the slightest notice. On the plainest principles of natural justice the orders of the circuit court to restore the lost publication notice and make the substituted one a part of the record, must be regarded as a nullity. The power of the court to replace that which has been lost or destroyed from the files, for any cause, can not be invoked except upon reasonable notice to parties adversely interested. The authorities in this court and elsewhere are to this effect. *Haywood* v. *Collins*, 60 Ill. 328; Freeman on Judgments, sec. 89.

The court, in the original cause, found it appeared "the defendants have each been duly notified of the pendency of said petition by publication in accordance with the statute in such case made and provided." Evidence was offered on the hearing of this cause to prove the notice contained in the record was the only publication ever made and was the one upon which the court must have acted. But one purpose could have been had in view in offering this evidence, viz: to contradict the recitals in the decree and establish the fact in opposition to the solemn finding of the court. The defendants had not been notified of the pendency of the petition in accordance with the provisions of the statute. Even for this purpose it was inadmissible under any rule of law with which we are familiar. We had occasion in the recent case of *Barnett* v. *Wolf*, Sept. T. 1874, to consider this question fully. The doctrine of that case is, the record of a court can never be contradicted, varied or explained by evidence beyond or outside of the record itself. Any other rule would be most disastrous in its results. A judicial record contains evidence of its own validity, and should testimony *dehors* the record itself be admitted to contradict or vary its recitals it would render such records of no avail, and definitive sentences would afford but slight protection to the rights of parties once solemnly adju-

dicated.  Hence all records must be tried and construed by themselves.

The wisdom of the rule of law on this subject is apparent from what was done in the case at bar.  The files of an old newspaper were examined and a notice published in it is produced and offered in evidence to contradict the finding of the court on a jurisdictional fact in a cause tried before it.  It is a matter of common notoriety, of which the court may take notice, that at the date the proceedings were had in the original cause other newspapers were published in the county of Cook.  *Non constat* such a notice as the statute requires in such cases may have been published in some one of them, or even in the journal in which the alleged defective notice was found, and by fraud or accident lost from the files.  But it is unnecessary to elaborate the argument or multiply illustrations, for the rule on this subject is settled by the decision of this court, and we see no reason to depart from it.  The case of *Barnett* v. *Wolf, supra,* in many points is analogous with the case at bar, and its reasoning is conclusive on this branch of the case.

There can be no serious doubt that the publication notice found in the record is the one substituted for the original by the court on the *ex parte* hearing in March, 1870.  Rejecting it, as we must do, as constituting no part of the record, it follows the record really contains no publication notice.  Hence the question arises whether the recital in the decree, "it appearing to the court that the said defendants have each been duly notified of the pendency of said petition by publication in accordance with the statute in such case made and provided," will be regarded as sufficient evidence of the fact that due publication was made as to all the defendants as the law directs.

In all collateral proceedings we entertain no doubt such finding is sufficient evidence of service by publication as to defendants, nothing appearing in the record to the contrary, and to warrant the decree as in cases of regular notice by publication.  There is absolutely nothing in this record, after expunging

that which was improperly introduced into it, to show the court found unadvisedly or incorrectly on this jurisdictional fact. It was the province of the court at the threshhold of the investigation to determine whether it had jurisdiction of the defendants in any lawful way in that proceeding, and that question it did determine, and recorded its solemn finding and judgment. Upon the authority of the adjudged cases in this court, the record stating the court found the defendants had been duly notified of the pendency of the petition by publication in accordance with the provisions of the statute, and nothing appearing to the contrary, such finding is evidence of the existence of that jurisdictional fact. According to the doctrine of *Botsford* v. *O'Conner et al.* 57 Ill. 72, where the service is by summons verbal testimony can not be received to prove or aid it. That can only be shown by the officer's return. It is no doubt otherwise where service is by publication, when parol evidence may be received to prove the notice was published. Before any court will proceed to adjudicate upon the rights of parties litigant, the presumption is it heard evidence and was in some legitimate mode satisfied the defendants had been duly notified according to the provisions of the statute, so as to confer jurisdiction.

In *Reddick* v. *The State Bank*, 27 Ill. 145, it was said, "it is to be presumed that no court will state of record the existence of facts which had no existence, or pass a decree or render a judgment, unless proof of service or notice were actually produced."

In *Moore* v. *Neil*, 39 Ill. 256, it was objected that the notice was defective in not stating the first and last days of publication, as the statute required. The decree, however, recited that "it appearing to the court that notice according to law was given of the pendency of this cause." It was held that this recital in the decree was sufficient evidence that the proper notice had been given. The court approves the cases of *Gibson* v. *Roll*, 27 Ill. 92, and *Goudy* v. *Hall*, 36 Ill. 319, and say, "although the certificate of the printer was defective, yet we

must presume from this recital that the court received other evidence of the date of publication."

The case of *Miller* v. *Handy*, 40 Ill. 448, is a well considered case, and on the authority of *Reddick* v. *The State Bank*, and *Goudy* v. *Hall*, the court say, " the record, therefore, stating the fact of the return of two *nihils*, and nothing to the contrary appearing, must be held *prima facie* evidence, at least, of the existence of that fact, and there is nothing in the case to show that the finding of the court was not in strict accordance with the fact."

Other cases in this court are to the same effect.

It will be observed that there is a marked distinction preserved in all the cases where the decree or judgment of the court is assailed on error or on appeal, and where the same is attacked in a collateral proceeding. This distinction explains the apparent conflict in some of the cases on this question.

By his will Mr. Douglas made his wife, Adele Douglas, the guardian of his children during their minority, and the point is made the circuit court had no jurisdiction to order the sale of real estate to pay debts, because the guardian in that capacity was not made a party with the heirs. A guardian *ad litem* was, however, appointed by the court for the heirs that were alleged in the petition to be minors, who took, himself, the trust and assumed to act in their behalf.

The guardian of the minor heirs is one of the persons whom the statute directs shall be made defendant to any proceeding had on the part of the executor or administrator to sell real estate to pay the debts of the decedent; but whether the omission to make such guardian a defendant would affect the jurisdiction of the court as to persons regularly before it, is a question that is pressed upon our attention as affecting the validity of the decree under which the executor's sale was made. It would doubtless be a ground of error in any direct proceeding to reverse the decree; but where the decree is assailed collaterally it would seem the omission of any person whom the statute directs shall be made defendant in such proceedings, would not render the decree void as to persons made parties, and over

318       HARRIS *v*. LESTER *et al*.       [Sept. T.

Opinion of the Court.

whom the court had jurisdiction by service of process or otherwise. At most it would be but error and would not concern the jurisdiction of the court.

In *Botsford* v. *O'Conner, supra,* this question was considered, and it was there said, " we do not understand the statute as requiring all persons in interest to be made parties, to confer jurisdiction of the subject matter upon the court. The court acquires that jurisdiction from the death of the party seized of the real estate, the grant of letters testamentary or of administration, and his indebtedness and filing the petition showing these facts. These are facts which confer jurisdiction upon the court as to the subject matter.   *   *   *   *   The failure to make the guardian a defendant may be an error, but it can not be held to be necessary to the jurisdiction of the court because he is not made a defendant, and the omission is not objected to in the court below. We can not hold that the court thereby failed to acquire jurisdiction over those properly in court."

But, aside from this view of the law, Mrs. Douglas was made a defendant with the heirs in the proceedings had in the circuit court to sell the real estate, and whether she was described as widow, devisee or guardian, or by no description at all, is a matter of no consequence. Having been made a defendant, and duly notified of the pendency of the petition, it will be presumed she was in court and could defend in any capacity she chose. She was the widow of the testator, and under his will she was a devisee and guardian of his minor children. It would be a work of supererogation, in making her a defendant, to describe her in three distinct capacities. The law will require no such useless formality. It is sufficient to answer all the requirements of the statute in such cases, that the guardian is in fact made a defendant with the heirs and brought into court, whether such party is described as guardian or not. It would be more regular to designate the guardian officially, but it is mere form, and the omission to do so would not deprive the court of jurisdiction.

The other objections taken to the validity of the proceedings

under which defendants obtained title all relate to mere irregularities, but do not concern the jurisdiction of the court. Some of them might have been fatal on error or on appeal, but not being jurisdictional, do not vitiate the proceedings when called in question collaterally. We have therefore omitted any discussion of them. Undoubtedly the court had jurisdiction of the subject matter to order the sale of the real estate of the testator to pay the debts of the estate, and having acquired jurisdiction of the persons of all the parties whom the statute directs to be made defendants, by publication in accordance with the provisions of the statute, notwithstanding the court may have proceeded irregularly, its decree and the proceedings had thereunder were effectual to pass the title of the heirs and devisees to the lands sold, to the purchasers at the executor's sale.

This is a contest between a creditor of the estate and purchasers at the executor's sale, under a decree of a court with jurisdiction of the subject matter and of the persons of the parties affected, and it can not be said complainant has any superior equities over defendants because she deraigns title from the heirs who were minors when the proceedings were had. Purchasers at judicial sales who invest their capital upon the faith of a decree of court of competent jurisdiction, have rights that are just as sacred and as much within the protection of the courts as the rights of minor heirs. With the wisdom of this sale in the first instance, and of the propriety of making it in the manner it was, are questions with which this court has nothing to do in the present case. The defendants are in no way responsible for it, and are in no way answerable for any irregularities that may have intervened in conducting it.

The decree dismissing the bill will be affirmed.

*Decree affirmed.*