## Frank B. Sanders, Administrator, Appellant, v. The New Staunton Coal Company, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 566*—*when issuance of letters of local administration improper.* Under sections 1, 2, 3 of the Uniform Foreign Probate Act of June 11, 1917, providing for notice, hearing, and the probate of a foreign will, the filing of a certified copy of the will and foreign orders of probate with a petition for letters of local administration will not justify the issuance of letters of administration, as the notice, hearing and probate are jurisdictional.

2. WILLS, § 217*—*necessity of notice and hearing or probate of foreign will.* The issuance of letters of local administration is void where there was no notice and hearing or probate of the foreign will in the local court, as provided in section 3, Uniform Foreign Probate Act of June 11, 1917.

3. EXECUTORS AND ADMINISTRATORS, § 566*—*when lack of jurisdiction to issue letters of local administration may be raised.* Lack of jurisdiction to issue letters of local administration on account of failure to give notice and hearing on probate of a foreign will may be urged in defense of citation proceedings issued on petition of the local administrator so appointed.

4. EXECUTORS AND ADMINISTRATORS, § 51*—*when order issuing letters of administration may be vacated.* A probate court may set aside its order issuing letters of administration after the expiration of the term, where it appears it was without jurisdiction to grant the letters.

5. WILLS—*repeal of laws in conflict with Uniform Probate Act.* All laws and parts of laws in conflict with the Uniform Foreign Probate Act were repealed by that act in 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 12, 1919.

HANS WULFF and HILES & SIMPSON, for appellant.

D. G. WILLIAMSON, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

It appears from this record that George Lincoln Sands died in St. Louis, Missouri, on November 21, 1916, leaving a will which was duly admitted to probate in the Probate Court in the City of St. Louis, Missouri, and that the Mercantile Trust Company of St. Louis, Missouri, was appointed and qualified as executor of said will. That a copy of said will, together with the certificates showing probate of the same, were filed in the office of the Probate Court of Madison county, Illinois. That appellant filed a petition setting forth the above facts and that the decedent died seized of real and personal estate and that his personal estate was estimated to be worth about $100,000, to which petition a copy of said will and probate was attached; whereupon, the court issued letters to appellant as public administrator in the county of Madison, Illinois. After letters had been issued, appellant sought to obtain information from the New Staunton Coal Company, as to property, papers, etc., in its hands belonging to the estate of Sands. He also made inquiry of the executor of said estate in Missouri but was unable to obtain any information with reference to stock, certificates or other property belonging to this estate. Thereupon, he filed a petition for a citation against the New Staunton Coal Company averring that said company had paid, since the death of Sands, dividends amounting to about $40,000, and that there were claims against the estate of said decedent, in the State of Illinois, particularly an inheritance tax, and alleging that said coal company

has in its possession money and effects, books of account, evidences of indebtedness and other papers showing that it has possession of property belonging to said estate and asks that said company be cited to show and exhibit such papers. The New Staunton Coal Company appeared in answer to such citation and entered a motion to quash the same and afterwards an amended motion was also entered by which it was alleged that the court was without jurisdiction to issue the letters of administration to appellant, and that he had no interest in the administration of the estate, and that the citation was issued without authority of law. Upon a consideration of this motion the court found that it was without jurisdiction to issue such letters of administration or to issue such citation and set aside the order granting letters of administration and the citation. This was appealed to the Circuit Court where the order of the Probate Court was affirmed and the appellant prosecutes this appeal, to reverse said order.

The principal errors assigned and argued are: First, that the court erred in finding that the Probate Court was without jurisdiction to issue letters of administration to appellant; second, that the court erred in finding that said court was without jurisdiction to order the issuing of the citation herein upon the petition of appellant.

Other questions have been argued by counsel for both parties but as we view it the rights of the parties so far as are necessary to be determined by this record can be disposed of by a decision of the foregoing questions. The question of the jurisdiction of the Probate Court to issue letters of administration is largely a matter of statutory right and the construction thereof by the courts. The Uniform Foreign Probate Act, approved June 11, 1917, provides how and under what conditions a will admitted to probate in a foreign State may be admitted to probate in this State. Section 1 provides, that a will duly proved, allowed and

admitted to probate outside of this State may be allowed and recorded in the Probate Court of any county in this State in which the testator shall have left any estate. Section 2. When a copy of the will and the probate thereof duly authenticated shall be presented by the executor or by any other person interested in the will, a petition for probating the same must be filed and a time must be appointed for a hearing thereon, and such notice must be given as required by law on a petition for the original probate of a domestic will. Section 3. If, upon a hearing, it appears to the satisfaction of the court that the will has been duly proved, allowed and admitted to probate outside of this State, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this State, it must be admitted to probate, which probate shall have the same force and effect as the original probate of a domestic will.

The Probate Court was not authorized to grant letters testamentary until the will had been probated in Madison county. Section 7, ch. 148, Rev. St. Ill. (J. & A. ¶ 11548). It is not disclosed by the record who it was but some one filed a certified copy of the will of the deceased and orders admitting it to probate in the State of Missouri, in the Probate Court of Madison county, Illinois, and this was attached to appellant's petition for letters of administration, and thereupon letters of administration were immediately issued to appellant.

Was this sufficient to give the court jurisdiction to issue such letters of administration? We think not. The statute provides that a time must be appointed for a hearing thereon and such notice must be given as required by law as on a petition for the original probate of a domestic will. If, upon the hearing, it appears to the satisfaction of the court that the will has been duly proved, allowed and admitted to probate

outside of this State and executed according to the law of the said State, or the laws of this State, then it may be admitted to probate, and letters testamentary may be issued thereon.

It appears from this record that the letters testamentary were issued herein without any notice having been given or any hearing had by the court, as required by the foregoing statute. Counsel for appellant contends that even if letters were granted without notice and without hearing, that such is a mere irregularity and cannot be questioned in the manner pursued by the appellee herein. We recognize that if it were only an irregularity there might be some force in the contention of appellant, but as we view it the giving of the notice and hearing required by the statute were jurisdictional. An order issued granting letters of administration without such notice would be of no more force than the rendering of a judgment without process and service. It seems to us that an order entered under such circumstances is a nullity. The Supreme Court in commenting upon the acts necessary to acquire jurisdiction to issue letters of administration under a former statute say: "We think, before this court could get jurisdiction of this case to act, it should have affirmatively appeared to the court that there was no relative within the State, or creditor, to whom administration might be committed. It should further have affirmatively appeared that the application for the appointment of an administrator on the estate was made by a party interested in the estate. Neither of these facts, and they are fundamental facts, are shown, and the question arises, must this court presume they did exist, for it is a rule that intendments as liberal will be indulged in its favor, as would be to the proceedings of the Circuit Court. *Propst v. Meadows,* 13 Ill. 169. But this requirement of the statute goes to the very origin of the proceedings. It is the existence of these facts which awakens the power of the court—which calls it into action. They are fundamental facts,

and although the court had cognizance of the general subject, it not appearing by the record that the facts were such as to give the court jurisdiction in the particular case, we are not authorized to presume their existence. * * * The County Court having no jurisdiction to appoint this administrator, the subsequent order of sale of the land, and the sale under the order by him, are necessarily void." *Unknown Heirs of Langworthy v. Baker,* 23 Ill. 489.

In a recent case decided by the Supreme Court of this State it was held that where a devisee was named in the will, but was supposed to have lost his interest by reason of a codicil, had not been included in the petition to probate the will but the will was probated and letters testamentary issued on November 8, 1910, that thereafter on January 25, 1912, one of the executors called attention of the Probate Court to this fact, it was held by the Supreme Court that the order probating this will was void and another probation of the will was required under a proper petition. The court, in commenting upon the effect this deficient petition had, said: "Where that is the case it has been held that there is an absence of jurisdiction, and an order admitting a will to probate will be set aside and declared of no effect when the want of jurisdiction is brought to the attention of the court. *Wright v. Simpson,* 200 Ill. 56; *Floto v. Floto,* 213 Ill. 438; *Rowlett v. Moore,* 252 Ill. 436; *Schofield v. Thomas,* 231 Ill. 114." *Mosser v. Flake,* 258 Ill. 233.

It is insisted that this proceeding is a collateral attack upon the order of the court granting the letters, also that the court had no authority to set aside his former order after the adjournment of the term of court. If it appeared from the record that the court had jurisdiction and no fraud was shown, then there might be some reason in this contention, but where jurisdiction is wanting, an order entered under such circumstances may be attacked either directly or collaterally. "A decree or judgment rendered in a pro-

ceeding wherein jurisdiction of the court is wanting is absolutely void and may be called in question at any time by any person affected thereby, either directly or collaterally.'' *Denk v. Fiel,* 249 Ill. 431. Again, the court, in the same case, in referring to and commenting upon the effect of collateral attacks says: ''This court has many times decided that such a bill is in the nature of a collateral attack on the proceeding sought to be impeached and that only jurisdictional questions could properly be raised. Some of the cases in this court which so hold are *Moffitt v. Moffitt,* 69 Ill. 641; *Harris v. Lester,* 80 Ill. 307; *Bradley v. Drone,* 187 Ill. 175, and *Frothingham v. Petty,* 197 Ill. 418.'' Where there is want of jurisdiction to make the order it is only necessary that it be brought to the attention of the court making such order. *Mosser v. Flake, supra.* When the court ascertained that the letters issued to appellant were void, it certainly had the right to set such order aside and very properly also quashed the citation. The basis of his right to the citation was that he was administrator. Without this he had no right to the writ. It has been held by the Supreme Court that where letters had been granted to an administrator *de bonis non* and such a one brought suit upon the former administrator's bond, that it might be shown in defense of the action on the bond that his appointment as such administrator *de bonis non* was without authority of law and void. *Munroe v. People,* 102 Ill. 406.

It is contended by counsel for appellant that the court had the right to issue these letters under sections 42 and 43 of chaper 3 of the Revised Statutes of Illinois (J. & A. ¶¶ 91, 92), but without commenting upon its right to obtain letters under these sections it is sufficient to say that under the Uniform Foreign Probate Act of 1917 all laws and parts of laws in conflict or inconsistent with such uniform act were repealed, and even if such right did exist it was taken away by the Uniform Foreign Probate Act. We deem it unneces-

sary to further comment upon these questions or to determine the effect such administration would have upon the interests of creditors of the estate in Illinois, or the inheritance tax laws of the State of Illinois, as these are matters that can only be properly considered when an administrator is legally appointed.

We are of the opinion that the court did not err in its finding and judgment in this case, and the judgment of the lower court is affirmed.

*Judgment affirmed.*