MARGARET BOYLAND, Plaintiff in Error, *v.* WILLIAM BOYLAND, Defendant in Error.

ERROR TO COOK.

A service of process must be made strictly according to the statute, and so shown by the return of the officer, or the court will not have jurisdiction of the person.
A return which shows that the process was served by leaving the same at the house of another person, with a female white person, etc., "*said place being designated*" by plaintiff, is insufficient.
A defective service or return will not be cured by a recital in the decree.

THE said William filed his bill 11th of November, 1852, stating his marriage in May, 1833, with defendant, and that they lived together from thence till the 1st of September, 1850, as husband and wife, when she willfully and wickedly deserted him, at Chicago, and willfully absented herself from him, without excuse, for two years prior to the filing his bill.

Summons issued in usual form, on which is the following return:

"Executed the within writ by leaving a copy of the within at the dwelling house of *John McCawley*, with a female white person, over twelve years of age, informing her of the contents thereof, *said place being designated* by plaintiff, November 5th, 1852. Service, 50 cents; copy, 50 cents; return, 10 cents; mileage, 5 cents. (Signed) W. L. CHURCH, *Sheriff,*

By D. T. WOOD, *Deputy.*"

Margaret's default was entered, and the bill was taken as confessed, proof was made, and thereupon a decree, dissolving the marriage contract.

The error assigned is that the decree is *irregular* and void,

because the defendant below had not such notice of the suit as is required by law.

B. S. MORRIS, and SHUMWAY, WAITE and TOWNE, for Plaintiff in Error.

HOYNE and MILLER, for Defendant in Error.

SCATES, C. J. A decree *pro confesso* was taken on the following return of service on the summons :

"Executed the within writ by leaving a copy of the within at the dwelling house of John McCawley, with a female white person, over twelve years of age, informing her of the contents thereof, *said place being designated* by plaintiff, November 5th, 1852."

Where the court has no jurisdiction the decree is void. The service here is wholly insufficient to give the court jurisdiction of the person of defendant below.

Where a personal service, by a delivery of a copy of the summons, cannot be made, by reason of the absence of defendant from home, or because defendant cannot be found, an equivalent is prescribed by statute. But in making this service, as in the case of constructive service by publication, the requirements of the statute must be strictly complied with, and this must affirmatively appear on the record. As no presumptions can be indulged against infants, so none will be indulged against adults on defaults, where the notice has been merely constructive. Tried by this rule, and this service will be found deficient in several essentials : First. The copy was not left at the "usual place of abode" of defendant below, but at the dwelling house of John McCawley. What connection his dwelling has with her "usual place of abode" is not shown. Second. It should have been left with some white person "of the family" of defendant, over the age of ten years. Here the person was white, and of sufficient age, but not of defendant's family. We could hardly presume she was of McCawley's family, at whose dwelling she was found, much less of defendant's family. It is, in these essentials, wholly deficient, according to the statute and its sound construction, in *Townsend et al.* v *Griggs*, 2 Scam. R. 366 ; *Montgomery et al.* v. *Brown et al.*, 2 Gilm. R. 583, in which last case the court held it necessary to name the white person with whom it was left, in order that defendant might be able to trace the copy and service. This doctrine has been further extended and approved, in relation to adults, in *Jacobus* v. *Smith*, 14 Ill. R. 359 ; and to infants and adults in *Cast et al.* v. *Rose et al.*, 17 Ill. R. 276.

We fully approve it on principle. Parties are not to be prejudged of their rights, or deprived of their property, without notice. When that notice is constructively given, the party claiming benefits under it must show a strict compliance with every requirement of the statute. Nothing less will invest the court with jurisdiction, or give validity to the decree which may be rendered; nor can these defects be aided by recital of such service in the decree itself, as is done in this case.

Decree reversed and cause remanded.

*Decree reversed.*