The Illinois Central Railroad Company

*v.*

The People *ex rel.* Seaton, County Collector.

*Opinion filed February 20, 1901.*

1. Special assessments—*finding that due notice was given not overcome by publisher's certificate.* A finding by the court, in a confirmation judgment, that notice was duly given, cannot, on collateral attack, be overcome by the publisher's certificate or other evidence in the record, since the court may or may not have acted upon such evidence in arriving at its finding.

2. Taxes—*when judgment of sale is valid though not rendered at June term.* Under section 185 of the Revenue act, if application for judgment of sale is made at the June term, but for any cause the collector is prevented from obtaining judgment at such term, judgment may be rendered at any subsequent term.

Appeal from the County Court of Christian county; the Hon. Rufus M. Potts, Judge, presiding.

James M. Taylor, (John G. Drennan, of counsel,) for appellant.

J. H. Morgan, and C. H. Shamel, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The county collector of Christian county applied to the county court of said county for a judgment ordering a sale of the right of way of appellant abutting on East Second street, in the city of Pana, to pay the first installment of a special assessment against said right of way

for paving said street. Appellant appeared specially and filed two objections to the application: First, that the county court had no jurisdiction to render the judgment confirming the special assessment; and second, that said court had no jurisdiction in the application for judgment for a sale of said right of way.

Under the first objection it is claimed that the county court did not acquire jurisdiction because the notice of final hearing of the petition was published only fourteen days, while the statute requires fifteen. This objection constitutes a collateral attack upon the judgment of the county court confirming the assessment. In the exercise of the special and statutory power conferred upon the county court it was necessary that the jurisdiction should appear in some way upon the face of the proceedings. It might appear by evidence of the jurisdictional facts in the record or by a finding of the court upon that question. When the petition of the city was filed and the court was called upon to act, it had power to decide whether the facts existed which conferred jurisdiction, and to decide the question whether notice had been published and given as required by the statute. (12 Ency. of Pl. & Pr. 117.) It did find that fact, and so recited in its judgment, as follows: "That L. S. Ham, special assessor, has in all things with reference to giving notice complied with the law."

The record contains a publisher's certificate and evidence that a notice was published, the first publication of which was on Sunday, August 21, 1898, which was a day on which notice could not be legally given, and this is made the ground of an attack on the finding. In several cases where there was no finding that notice had been given and the notices or evidence of publication found in the record were insufficient, it was held that the court had no jurisdiction to confirm the assessment. (*McChesney* v. *People*, 145 Ill. 614; *McChesney* v. *People*, 148 id. 221; *Boynton* v. *People*, 155 id. 66.) In other cases where

the court has found and recited that notice was duly given it has been held that the finding cannot be overcome by the production of the publisher's certificate or affidavit showing insufficient notice. (*Hertig* v. *People,* 159 Ill. 237; *Dickey* v. *People,* 160 id. 633; *Casey* v. *People,* 165 id. 49; *Young* v. *People,* 171 id. 299.) Such a finding, like any other judicial determination, can never be contradicted, varied or explained in a collateral proceeding by parol or other evidence beyond or outside of the record itself. The question must be tried by the record, and while the finding may be rebutted by other portions of the same record it cannot be overcome by other means. If, by an inspection of the whole record, it is seen that there was no jurisdiction the finding is overcome. (*Harris* v. *Lester,* 80 Ill. 307; *Botsford* v. *O'Conner,* 57 id. 72; *Osgood* v. *Blackmore,* 59 id. 261; *Field* v. *Peeples,* 180 id. 376.) The reason that a finding of the court is not defeated by a publisher's certificate or other evidence as to posting and mailing of notices is, that they are evidence on which the court may or may not have acted in arriving at its finding of the fact that notice was given. While service of summons can only be shown by an officer's return, the publication and mailing of notices may be proved by any competent evidence. The finding of the jurisdictional fact in this case is not overcome by the publisher's certificate or evidence in the record. They are not allowed on collateral attack to overthrow the judgment of the court.

The assessment against appellant's property was returned as delinquent, and application for judgment was made at the June term, 1899, but the owner's name was given by mistake as "I. & St. L. R. R. Co." Appellant did not appear, and leave was granted by the court to strike out said name and insert "Illinois Central Railroad Company" in its stead. This was done, and no further proceedings appear to have been taken until the October term, 1899, to which term proper notice was given and application for judgment was made. The cause was con-

tinued, from time to time, until the April term, 1900, when the objections were heard and judgment for sale was rendered. The ground of the second objection then made was, that the court had no jurisdiction to render judgment at that term, it not being the June term, at which the statute provides applications shall be made. The application was made at the proper term, but by reason of the mistake the court had not acquired jurisdiction of appellant. Section 185 of the general Revenue law, which requires application at the June term, provides that "if for any cause the collector is prevented from advertising and obtaining judgment at said term it shall be held to be legal to obtain judgment at any subsequent term of said court." The judgment was properly rendered, upon due notice, at the subsequent term, as authorized by this statute.

Under the first objection other questions have been raised, but they do not go to the jurisdiction of the court, and if it had jurisdiction it is immaterial on this application whether it committed error in the proceeding for the assessment.

Objection is made to the judgment entered in this case on the ground that the assessment was against appellant's right of way abutting on Second street and that the judgment entered was against said right of way within the corporate limits of the city of Pana. The right of way abuts on Second street on both sides, and the judgment merely limits the property to be sold to the same right of way abutting on Second street within the incorporation, and there is no error in limiting its extent of which appellant can complain.

The judgment of the county court is affirmed.

*Judgment affirmed.*