LEVI S. CORRELL, Defendant in Error, *vs.* HUGH M. GREIDER, Plaintiff in Error.

*Opinion filed June 29, 1910.*

1. JURISDICTION—*party claiming under decree upon constructive service must show a strict compliance with statute.* A party claiming the benefits of a decree upon constructive service must show a strict compliance with every requirement of the statute, and nothing else will invest the court with jurisdiction or give validity to a decree when the same is called in question in a direct proceeding.

2. SAME—*affidavit for service by publication is jurisdictional.* The affidavit upon which service by publication is had under section 12 of the Chancery act is jurisdictional, and it is not sufficient to state that affiant has made diligent inquiry to ascertain the residence of the non-resident defendant, as also the names and addresses of his bodily heirs, if any, "but without success," as the words "but without success" may refer only to the inquiry about the bodily heirs and not to the place of abode of the non-resident.

3. SAME—*appearance by solicitor is not presumed to be for a defendant not served.* Where there are several defendants, one of whom is not served with process, an appearance of the "defendants," by their solicitor, for the purpose of obtaining leave to answer, is limited to those, only, who have been served.

4. SAME—*filing a petition to open decree is not an appearance if petition is denied.* The filing of a petition by a defendant who was not served, to open the decree, which petition was denied, is not an entry of appearance which precludes such defendant from attacking the decree, on writ of error, for want of jurisdiction of his person.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

THOMAS L. JARRETT, for plaintiff in error.

T. J. CONDON, and WILLIAM L. PATTON, for defendant in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error sued out by Hugh M. Greider to obtain a review of a decree of the Sangamon county circuit court reforming a deed executed by Sam D. Scholes to Annie E. Correll. The deed conveyed the premises to Annie E. Correll in fee simple. After her death Levi S. Correll filed a bill to correct said deed, alleging that the scrivener had made a mistake in writing the deed; that it was the intention of all the parties concerned that the deed should convey to Annie E. Correll a conditional fee, with a right of remainder in fee to Levi S. Correll in case he survived his wife. Annie E. Correll died testate and devised the lands in controversy by her last will. The devisees and heirs-at-law of Annie E. Correll were made parties defendant to said bill. All of the defendants except Hugh M. Greider and Cornelius Correll, two of the heirs of Annie E. Correll, were served personally. Hugh M. Greider and Cornelius Correll being non-residents of the State, an attempt was made to obtain jurisdiction of them by publication. The following affidavit was filed under section 12 of the Chancery act: "Levi S. Correll, being first duly sworn, under oath states that he is the complainant in the above entitled cause, and that the defendant Hugh Greider, if living, is a non-resident of the State of Illinois; that he has made diligent inquiry to ascertain his residence, as also the names and addresses of his bodily heirs, if any, but without success. The last known residence of said Hugh Greider was Wedderford, in the State of Texas. The affiant further states that the defendant Cornelius Correll is also a non-resident of the State of Illinois, and that his residence is in the town of Sheldon, in the State of Missouri." Under this affidavit publication

was had, and a notice addressed to Hugh M. Greider, Wedderford, Texas, was mailed. There is no evidence in the record showing that Hugh M. Greider received any actual notice of the pendency of the suit. A decree by default was entered in accordance with the prayer of the bill, and this writ of error is sued out to reverse that decree.

The rule is too well established to require the citation of authorities, that a party claiming the benefits of a decree upon constructive service must show a strict compliance with every requirement of the statute. Nothing less will invest the court with jurisdiction or give validity to the decree when the same is called into question in a direct proceeding. (*Boyland* v. *Boyland,* 18 Ill. 551.) The affidavit upon which service by publication is had under section 12 of the Chancery act is jurisdictional and the statute must be strictly complied with. (*Anderson* v. *Anderson,* 229 Ill. 538.) The affidavit filed in this case does not comply with the statute, either literally or substantially. After stating that Hugh M. Greider, if living, is a non-resident of the State of Illinois, the affidavit recites "that he [affiant] has made diligent inquiry to ascertain his residence, as also the names and addresses of his bodily heirs, if any, but without success." The words "without success" are not equivalent to a statement that upon such diligent inquiry the place of residence of Hugh M. Greider could not be ascertained. Affiant having stated that he made diligent inquiry to ascertain the place of residence of Hugh M. Greider and also as to his bodily heirs, might conclude that if he had failed to ascertain information respecting both classes of persons inquired about he had been unsuccessful. If the affiant were indicted for perjury for false swearing in this affidavit he could not be convicted by showing that he had ascertained the place of residence of Hugh M. Greider, since that might well be and still if he had failed to obtain information respecting his bodily heirs he might well conclude that his inquiries had been unsuccessful. To say

that his inquiries were unsuccessful is to permit the affiant to substitute his own conclusion for a statement of the facts which the statute requires. The affidavit was insufficient to confer jurisdiction over the person of Hugh M. Greider.

The record recites that "on motion of the defendants, by their solicitor, leave is hereby given them to answer by the 18th inst." Defendant in error contends that the word "defendants" in this motion must be held to include all of the defendants of record. This contention cannot be sustained. Where there are several defendants, one of whom is not served, an appearance by a solicitor for the "defendants" will be limited to those, only, who have been served. (*Gardner* v. *Hall,* 29 Ill. 277.) It cannot be presumed that a defendant who knows nothing of the pendency of a suit would employ counsel to appear for him.

Within three years after the rendition of this decree plaintiff in error filed a petition, under section 19 of the Chancery act, for the purpose of opening up the decree and for permission to defend. This petition was denied. Defendant in error contends that the filing of this petition is an entry of appearance and that plaintiff in error thereby waived his right to question the jurisdiction of the court. This contention cannot be sustained. Had the petition been granted plaintiff in error would have been in court, but where the petition is denied it would be a hard rule to hold that the petitioner was in court for the purpose of waiving a right to question the jurisdiction of the court but out of court for all other purposes. Having been denied the right to open up this decree, the only remedy left was to sue out a writ of error.

The decree of the circuit court of Sangamon county is reversed and the cause remanded.

*Reversed and remanded.*