THE PEOPLE *ex rel.* J. Quinn Charlton, County Collector, Appellee, *vs.* JOHN H. WARD, Appellant.

*Opinion filed February 16, 1916.*

1. JUDGMENTS AND DECREES—*when a recital that order was entered at certain term is surplusage.* If it appears from the record that a judgment confirming a special assessment was entered on one of the judicial days of the April term, a recital in the order that it was entered at the January term may be treated as surplusage in a subsequent proceeding for judgment and order of sale for the delinquent special assessment.

2. SAME—*finding of court that due notice has been given can not be contradicted by stipulation in a collateral proceeding.* A finding by the court in a proceeding to confirm a special assessment that due notice had been given cannot be contradicted, on application for judgment and order of sale for the delinquent assessment, by a stipulation that the defective certificate of publication found in the record was the only evidence offered in the confirmation proceeding to show publication of the notice.

3. EVIDENCE—*effect where a party offers copies of files as the record of a proceeding.* On application for judgment and order of sale for a delinquent special assessment, an objector who offers in evidence as the record of the special assessment proceeding certain exhibits, consisting of copies of the files, cannot take advantage of the fact that the clerk of the court in which the assessment proceeding was had neglected to transcribe the files in the regular record book.

APPEAL from the County Court of Perry county; the Hon. LOUIS R. KELLY, Judge, presiding.

GEORGE W. DOWELL, for appellant.

M. C. COOK, for appellee.

272 — 5

Mr. JUSTICE CARTER delivered the opinion of the court:

The county collector of Perry county made application to the county court of that county, at the June term thereof, 1915, for judgment against certain lands of appellant returned as delinquent for failure to pay the first installment of a special assessment levied in a proceeding under the Local Improvement act to pave certain streets in the city of DuQuoin, in said county. Appellant filed objections to this application, which were overruled, and judgment was entered against the lands as prayed. From that judgment this appeal was taken.

From the record it appears that in February, 1913, proceedings were instituted by the city authorities of DuQuoin, by filing a petition and assessment roll in the city court of that city, for levying a special assessment in paving district No. 3, and an order was entered fixing March 13 as the day for final hearing on the petition; that due notice of the time and place of this hearing was given as required by law and several property owners appeared and filed objections. No hearing was had on the objections that day, but the court entered judgment against the property of those who had not appeared and filed objections and continued the cause as to those who had. Thereafter the assessment roll was re-cast, and on April 28, 1913, a modified assessment roll was presented to the court, and no objections being filed to the same a default was taken against all of the property owners named in the roll as re-cast and the court approved and confirmed the assessment. A contract was then let for the construction of the improvement, and such further proceedings were had that on August 24, 1914, on proper notice, an order was entered approving the action of the board of local improvements finding that the improvement had been completed according to the contract.

Counsel for appellant argues that it appears upon the face of the record that the court had no jurisdiction to enter the order confirming the assessment roll on April 28,

1913, as that order is entitled as of the January term of that court and recites that it was entered on one of the regular days of the January term of said court, while the rules of court in evidence show that the terms of the city court of DuQuoin commence on the second Mondays of January, April, July and October of each year; that it otherwise appears from the record that the April term was duly convened on April 14, 1913; that the hearing on the objections to the assessment roll was set for March 28, 1913, and that the presiding judge of that court, finding he would be unable to attend, telegraphed the clerk of the court, on March 25, "Enter order adjourning court to April seventh;" that the record of proceedings further shows that March 26, 1913, a recess was declared until April 7, 1913, and that on said last mentioned date court convened and a recess was taken to April 28, 1913, and that on said last mentioned date court adjourned until court in course. It was stipulated on the hearing of the objections that "the 28th day of April, 1913, was one of the regular judicial days of said city court, at which time the court was then in session."

Section 11 of the City Court act (Hurd's Stat. 1913, p. 720,) provides that the same rules as to the adjournment of court on the non-attendance of a judge shall obtain as are provided by law in regard to circuit courts, and that city courts shall have the same power as to adjournments as the circuit courts. Section 18 of the Circuit Court act (Hurd's Stat. 1913, p. 691,) provides: "The circuit courts of the several counties of this State, * * * when lawfully in session, may adjourn from day to day, or to any day not beyond the first day of the next term of the court." Construing these two sections of the statute together, it is clear that the city court had no power to prolong the January term of court beyond the first day of the April term of that court, and its attempt to do so was void. Section 21 of the Circuit Court act provides that "all causes and pro-

ceedings pending and undisposed of in any of said courts at the end of a term shall stand continued till the next term of the court." The record showing that said order of confirmation was duly entered on one of the judicial days of the April term, 1913, at which time court was then in session, any recital in the order that it was made as of the January term must be held as surplusage. The judgment was erroneous, but had an appeal been taken from said judgment or order of confirmation as made, the reviewing court, at the most, could only reverse the judgment and remand the cause, with directions to enter a proper judgment as of the April term. The trial court's ruling on this hearing as to this point was therefore correct.

Appellant further contends that the certificate of publication found in the record as to the time and place of the hearing of the final confirmation is defective, and that as it was stipulated on this hearing, as to this certificate, that it "was the only evidence offered in the city court of the publication of the notice," the finding of the court in the confirmation order that due notice had been given as required by law is not binding in this proceeding. Conceding that the certificate in question is defective, the finding of the court in the confirmation order that due notice had been given cannot be contradicted by a stipulation of facts in this collateral proceeding. In discussing the question here involved this court, in *Harris* v. *Lester,* 80 Ill. 307, said (p. 314) : "The record of a court can never be contradicted, varied or explained by evidence beyond or outside of the record itself. Any other rule would be most disastrous in its results. A judicial record contains evidence of its own validity, and should testimony *dehors* the record itself be admitted to contradict or vary its recitals it would render such records of no avail, and definitive sentences would afford but slight protection to the rights of parties once solemnly adjudicated. Hence all records must be tried and construed by themselves." This case has been repeat-

edly cited with approval by this court on this point and the rule there laid down has never been departed from. The rule has always been, in this jurisdiction, that where a decree or judgment order is attacked in a collateral proceeding and the court in said decree or order found that the parties were duly notified, such finding, like any other judicial determination, cannot be contradicted, varied or explained by parol or other evidence beyond or outside of the record itself. (*Hertig* v. *People*, 159 Ill. 237; *Dickey* v. *People*, 160 id. 633; *Casey* v. *People*, 165 id. 49; *Young* v. *People*, 171 id. 299; *Illinois Central Railroad Co.* v. *People*, 189 id. 119; *People* v. *Illinois Central Railroad Co.* 213 id. 367; *Stack* v. *People*, 217 id. 220; *Spring Creek Drainage District* v. *Highway Comrs.* 238 id. 521.) In some of these cases last cited the evidence admitted or offered showed that the certificate of publication was faulty and that it was the only evidence the court heard as to the publication of notice, but the court refused to depart from the rule laid down in *Harris* v. *Lester, supra,* and allow the record itself to be contradicted by evidence outside the record. The stipulation of counsel on the trial below as to this certificate of publication is evidence *dehors* the record as to the original confirmation order and cannot be considered for the purpose of contradicting the findings in that order.

Appellant further argues that the order or decree of confirmation was not signed by the judge of the city court and that there was no proper record made by the clerk of the proceedings, the same not having been transcribed upon the permanent records of the court but simply placed in the assessment record, as the clerk certified, and that therefore such order and decree had no force or effect. Appellant offered in evidence what purported to be certain records of the city court of DuQuoin, and, among others, the record of August 24, 1914. These were offered in the shape of eleven exhibits, and are followed by the certificate of the clerk of said city court that they "are a full, complete and

perfect copy of the files which have been placed in my assessment record pertaining to and forming a part of the record of the proceedings and which have not been transcribed upon the permanent records of said city court, in a certain cause heretofore pending in the city court of the city of DuQuoin, Illinois, wherein the city of DuQuoin was the petitioner and property owners were the defendants, for special assessment for paving purposes, as the same appear from the files of said cause now remaining in my office." Whatever the reason, whether from neglect or otherwise, it seems that these records were not written up or transcribed in permanent form in the regular record books required by law to be kept for that purpose, at the time of this hearing. If it is true that the records of the clerk's office simply consist of loose files not entered in proper books, we do not think that question can be taken advantage of by appellant. These records were offered by him as records in this proceeding. We are bound to consider the contents and substance of the records as offered and cannot here consider the question of the failure to transcribe them in the regular record book. From the language and substance of the records they seem to have been correct, and there could be no question of their being so had they been taken from the regular bound books required by law to be kept for that purpose. The order of confirmation, if it had been properly entered on the docket of the judge holding said court and properly transcribed in the records of the clerk, would not require the signature of the judge. If the clerk of the court has been derelict in transcribing his records there is ample remedy provided by law to compel the proper performance of his duty.

We find no reversible error in this record. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*