(Nos. 20592, 20593.—

THE WILMETTE STATE BANK, Appellant, *vs.* THE CITY OF DESPLAINES, Appellee.

*Opinion filed June 24, 1932.*

DUNN and DEYOUNG, JJ., dissenting.

HENRY O. NICKEL, (DENEEN, HEALY & LEE, DANIEL S. WENTWORTH, HARRY W. LIPPINCOTT, and PAUL G. SULLINS, of counsel,) for appellant.

MALONEY, WOOSTER & WHITESIDE, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The Wilmette State Bank has perfected two appeals to this court from separate orders of the county court of Cook county, entered, respectively, on September 5 and 18, 1930. The order of September 5 denied the prayer of a petition of the bank for leave to intervene upon the hearing on a final certificate of completion and acceptance of work in DesPlaines special assessment proceeding No. 100. The order of September 18 denied the petition of the bank to appear and move the court to vacate and set aside an order approving the final certificate of cost and completion, dismissing the proceedings as to certain objectors and rebating $87,796.06 to the property owners assessed.

The public improvement embraced the construction of a connected system of cast-iron water mains, fire hydrants and necessary appurtenances. A judgment of confirmation was entered and a special assessment for $230,029.62 was made against the property benefited, payable in ten installments, with six per cent interest. On August 10, 1925, a contract was let to the Michael McElligott Company. During the years 1925 and 1926 bonds in the sum of $138,000 were issued to the company in payment of labor and material furnished. During that period the Wilmette State Bank purchased $22,300 of the bonds, dated October 15, 1925. A certificate of cost and completion was filed by the board of local improvements in 1926, but upon a hearing of objections the court refused to confirm it and ordered the work to be completed in substantial compliance with the contract. Another certificate was filed on July 3, 1930. In the meantime installments had been collected when due.

Interest had been paid on all of the bonds issued and those bonds which had matured were paid. When the last certificate was filed the bank was holding $19,100 of the bonds it had purchased.

The final certificate as filed July 3, 1930, showed that the total cost of labor and materials was $111,433.56. The cost of engineering, the expenses of making and collecting the assessments and the estimated amount required to pay accruing interest on bonds and vouchers was $30,800, making the aggregate cost of the improvement $142,233.56. This was $87,796.06 less than the original assessment, and the cost of labor and material furnished, as shown by the certificate, was $26,566.44 less than the amount of bonds issued and delivered for that purpose. Objections to the approval of the certificate were filed by Lawrence W. Washington, Agnes Burke and James P. Burke, represented by Daniel S. Wentworth and Deneen, Healy & Lee, their attorneys. The Wilmette State Bank, on behalf of itself and all other bondholders, filed its aforesaid petition for leave to intervene, which set forth the facts and events relative to the special assessment proceedings, construction of work, the issuance of the bonds, the purchase of some of them by the bank and its present ownership of a portion of them. It represented that the cost of labor and materials furnished was $138,000 and not $111,433.56, as shown by the final certificate, and that an approval of such certificate would destroy the value of the outstanding bonds, and prayed for leave to intervene for the purpose of showing that the actual cost of labor and materials furnished was, in fact, $138,000. The court denied the right of the bank to intervene. On the next day, the cause coming on for hearing upon the certificate of final completion, the city moved to vacate all orders theretofore entered as to the property for which objections had been filed by the above mentioned attorneys. The motion was allowed and all orders as to such property were set aside and the assessments against

it were abated. The order recited that it had been made to appear to the court that the city had agreed to assume the assessments against the property and to refund to the persons entitled thereto any assessments which had already been paid on such property. The total amount of assessments against such property was $141.75. The order approved the final certificate and abated $87,796.06 of the original assessment.

Upon the entry of the last above mentioned order the Wilmette State Bank filed a petition in which it alleged many of the facts which were set forth in the intervening petition. It also alleged that the final certificate filed by the board of local improvements showed upon its face that it was untrue as to the cost of the improvement; that the court was without power to vacate the assessment against the objecting property owners; that the rights of the bank and other bondholders were by reason of the premises greatly impaired and the value of the bonds had been greatly depreciated without due process of law. The prayer of the petition was that leave be granted to the bank to appear in the proceeding, that the orders dismissing the intervening petition be vacated, that the dismissal of the property objected for be set aside, and that the order approving the final certificate and rebating the sum of $87,796.06 be also set aside. The court entered an order denying the right of the bank to file its petition and refusing to vacate the orders as prayed.

The grounds for refusing to permit the bank to intervene are, that special assessment proceedings are *in rem;* that the Local Improvement act does not require anybody to be made a party to a hearing on the certificate of final cost and completion, and that a bondholder not only does not have the right, but cannot be permitted in such proceeding, to affirm or deny that the improvement conforms substantially to the requirements of the original ordinance for its construction, or that the facts stated in the certificate

concerning the cost of labor and materials, or the amount estimated to pay interest to accrue on bonds, or the amount to be abated, are correct as therein stated.

The very purpose of invoking the judgment of the court at the hearing upon a certificate of final completion in local improvement cases is to protect, by judicial investigation and determination, the rights of holders of improvement bonds, the municipality, and property owners whose property is subject to the burden of the assessment. (*Case* v. *City of Sullivan,* 222 Ill. 56; *People* v. *Brewer,* 328 id. 472.) The salient facts which must be stated by the board of local improvements in its certificate are (1) the cost of the improvement; (2) an estimated amount required to pay accruing interest on bonds or vouchers; (3) that the improvement conforms substantially to the ordinance authorizing it; and (4) whether or not any of the assessment should be abated. It is as to the truth of these facts that the hearing is predicated and the jurisdiction of the court is invoked. It is clear that the mere power conferred by law upon the court to hear and determine these questions must give those who are interested in the court's decision an opportunity to appear and be heard. Those who are interested in a determination of the salient facts set forth in the certificate are the property owners affected by the assessment, the contractor whose work is called in question and who may be the owner and holder of bonds and vouchers issued in payment of labor and materials furnished, and persons who have rights to be protected in the determination of the amount required for the payment of the work done under the contract. A judicial determination of the salient facts would be of no value whatever unless persons having such interests are permitted to be heard. Jurisdiction is the power to hear and determine the subject matter in controversy between parties.

Section 84 of the Local Improvement act does not specifically require anyone to be made a party to the hearing,

but obviously there can be no judicial hearing without someone being a party to the proceeding. The statute not only contemplates a hearing but directs that one shall be had. It requires a notice to be given by posting and publishing at least fifteen days before the day fixed by the court for the hearing. The notice is not directed to any particular person or class of persons. It is a "public notice." No reason can be conceived why the statute would require a notice to be given to the public of such a hearing except for the purpose of inviting to that hearing any and all persons who have an interest in the facts to be established and adjudicated. The statute provides that at the time and place fixed by such notice the court shall proceed to hear the application and "any objections" which may be filed thereto within the time fixed in such order. The statute in positive terms requires the application to request the court "to consider and determine whether or not the facts stated in said certificate are true." A sound consideration of the language of the statute cannot interpret it to mean that upon the hearing no one shall be heard, or that the court's determination of the facts must be limited to the statements contained in the certificate itself. The law makes the certificate *prima facie* evidence that the matters and things stated in it are true, but it is provided that if any part thereof is controverted by objections duly filed, the court shall hear and determine the same in a summary manner and shall enter an order according to the fact. Great liberality is extended by the statute to all those interested in the questions for hearing and determination. No pleadings are necessary. No set forms are prescribed for the proceeding. It is summary and without formality.

In *Blackhawk Construction Co.* v. *Village of Homewood,* 343 Ill. 182, the certificate stated that the improvement was not completed in conformity·with the original ordinance and that the sewers were "leaky," due to defective workmanship and materials. The contractor was permitted

to file objections. Property owners were also permitted to file objections. A full hearing was had, in which the contentions of the city, the property owner, the contractor and bond owner were heard and determined. Such should have been the procedure in the instant case. While the statute does not in express terms require the contractor or the bondholder to be made a party to the proceeding, still the question of the performance of the work in conformity with the ordinance is made a direct issue to be determined by the court. The contractor's presence is necessary for a fair decision of that issue, and he must therefore have a right to controvert the certificate by objections duly filed and by the introduction of evidence upon the questions which the court is required to determine. The cost of the improvement is also in direct issue. Upon the determination of that question largely rests the value of bonds and vouchers which have been issued in payment of work and material. An adverse decision would seriously affect them. Therefore the presence of the contractor and those holding bonds or vouchers may be necessary for a fair decision of that issue as well as the determination of the amount of interest yet to accrue on bonds. The property owner is interested in the cost of the improvement, the abatement of assessments and the determination of the amount of interest to accrue, and he, too, must be given his day in court.

There are various provisions of the law which manifest a purpose of safeguarding those who contribute money for the construction of local improvements. Section 43 of the Local Improvement act requires notice by registered mail to be sent to bondholders when a municipality desires to retire bonds before maturity. Section 56 provides that after bonds have been issued no judgment shall be vacated or modified or any petition dismissed at a term subsequent to that at which the judgment was rendered, without the consent of the contractor and the bondholder. Section 86 provides that the principal of bonds shall not exceed the ag-

gregate amount of the deferred installments. If the court should find the cost of the improvement to be less than the amount of bonds issued therefor, then the new bonds issued to take their place would total a sum correspondingly less. This difference would be lost to the bondholder. Surely it would not be just to deprive him of a hearing on the vital question of cost.

Not only does the statute contemplate giving a hearing to the bondholder when his interests are at stake, but the circumstances in this particular case require, and justice demands, that the bank be permitted to show, if it can, that the cost of the improvement was sufficient to cover the amount of the bonds which had already been issued under the authority of the court. It was deprived of a hearing upon every question at issue. A peculiar situation existed. Certain property owners filed objections to the final confirmation of the assessment, whereupon the city, either because it possessed information tending to discredit the work or because of a disinclination to enter into a contest with the objectors, voluntarily and of its own motion caused the court to vacate all orders previously entered with respect to the objectors' property and to dismiss the petition as to them, in direct violation of section 56. It is true, the order states that it appears to the court that the city promised to assume the amount of the assessments so vacated, but such a promise gave the court no authority to make the order it did. The cost of labor and materials furnished in the improvement was fixed at approximately $111,000, when the board of local improvements knew that $138,000 in bonds had been paid out for those items. Not a word was permitted to be heard in opposition to this destructive act. The bank was compelled to stand by helplessly with more than $20,000 of bonds, the value of which was about to be at least partially destroyed. The facts in this case presented a situation of such equity and gravity that the court should have unhesitatingly accorded to the bank the same

privileges that were accorded to contractor and bondholder in *Blackhawk Construction Co.* v. *Village of Homewood, supra.*

The orders are reversed and the causes are remanded to the county court of Cook county, with directions to set aside the order of September 6 abating a portion of the original assessment, approving the certificate of final cost and completion of the board of local improvements, and dismissing the petition and proceedings as to the objectors represented by Daniel S. Wentworth and Deneen, Healy & Lee, and with further directions to set aside the order denying appellant the right to intervene and to enter an order permitting it to intervene, allowing it to file objections to said certificate and to offer proof in support of its objections, and for further proceedings in harmony with this opinion. *Reversed and remanded, with directions.*

DUNN and DEYOUNG, JJ., dissenting.