(No. 24293.—

THE VILLAGE OF LANSING, Appellant, *vs.* THE HOMESTEAD-ERS LIFE ASSOCIATION *et al.* Appellees.

*Opinion filed December 17, 1937.*

O. I. LEWIS, and THOMAS A. MATTHEWS, for appellant.

MARKMAN, DONOVAN & SULLIVAN, LEONARD C. MEAD, and TOLMAN, CHANDLER & DICKINSON, (HOWARD B. BRYANT, and JOHN P. SULLIVAN, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

The county court of Cook county dismissed the petition of the village of Lansing, filed April 30, 1937, to vacate that court's judgment of November 4, 1929, approving a certificate of final cost and completion filed by the board of local improvements of the village. The village has appealed directly to this court in accordance with the statute.

Prior to August 22, 1929, the then village board of Lansing passed an ordinance for the construction of a sewer system to be paid for by special assessment, and filed a petition to have an assessment therefor confirmed in the county court. An assessment for $1,263,665.90 was confirmed. On August 22, 1929,. a certificate of final cost and completion was filed, and on the hearing thereon conducted in accordance with section 84 of the Local Improvement act the court found that the facts stated in the certificate were true and that the improvement had been completed in substantial compliance with the requirements of the ordinance. It also found that the total cost of the improvement was $1,497,888.63 and that there was a deficiency of $234,222.73 in the amount of the original assessment. The original contractor and certain other parties have filed

a *mandamus* proceeding to compel the levy of a supplemental assessment for $234,222.73, which proceeding is still pending in the circuit court of Cook county. Appellees' motion to strike the petition of the village was denied and they then filed their answer alleging, among other things, that they are the owners of certain bonds payable out of the special assessment. Appellant's motion to strike the answer was denied and at the conclusion of the hearing the village's petition was dismissed.

Appellant contends that the appellees, who are owners of special assessment bonds issued before the certificate of final cost and completion was approved, have no interest in such order and were not proper parties to oppose the petition to vacate it. Appellant insists that section 84 of the Local Improvement act (24 S. H. A. 790; Ill. Rev. Stat. 1937, chap. 24, par. 790;) provides that the owner or holder of bonds issued before the entry of an order approving a certificate of final cost and completion "shall be entitled to receive in lieu thereof new bonds of equivalent amount, dated and issued after the entry of such order," and that unless such exchange is made the owners and holders of such bonds cannot object to the vacation of the order approving the certificate. Appellant cites no authority, and its contention has, in effect, been answered to the contrary, in *Wilmette Bank* v. *City of DesPlaines,* 349 Ill. 106, where we held that a holder of bonds issued before the certificate of final cost and completion was approved should have been allowed to intervene and object to the approval of the certificate. In that case, the bondholder had been denied the right to intervene at the hearing, and was also denied the right to appear and move the court to vacate and set aside the order approving the final certificate of cost and completion. Both orders were appealed from and were reversed. That decision is controlling here, and the appellant's contention is overruled. See, also, *Material Service Co.* v. *Village of Elmwood Park,* 355 Ill. 558.

Appellant then attacks the jurisdiction of the county court to enter the order approving the certificate of final cost and completion, contending that the statutory requirements as to giving notice were not complied with. The only evidence produced at the hearing was the certificate of publication of notice. In entering final judgment approving the certificate of final cost and completion on November 4, 1929, the court recited that it had fixed the time and place for such hearing and that public notice of the time and place had been given by posting and publication of notices in the manner and for the period required by law, and found that it had jurisdiction of the subject matter of that proceeding. The certificate of publication was signed by J. H. Montgomery, publisher of the *Lansing Herald,* a newspaper of general circulation, published weekly every Thursday in the village of Lansing. He certified that a notice, a copy of which was attached, had been published two times in the *Lansing Herald,* once each week for two successive weeks, and that the first publication of the notice was made on the 23rd day of August, 1929, and the last publication thereof was made on August 30, 1929. It was made pursuant to section 1 of "An act to revise the law in relation to notices," (Ill. Rev. Stat. 1937, chap. 100, par. 1,) which authorizes the publisher or his authorized agent to make such a certificate. The objections to the certificate are that the number of times the notice had been published had been changed from one to two, by striking out and interlineation, and the last date of publication had been changed by writing "30th" over the "23rd." The date of the certificate had also been changed. For these reasons, and because the 23rd and 30th of August, 1929, were both Fridays, although the certificate of publication says that the *Lansing Herald* was published weekly on Thursdays, the appellant says the certificate is a nullity. The village relies mainly on *City of Chicago* v. *Stein,* 252 Ill. 409. There, the certificate was signed by the secretary

of the publishing company instead of by the publisher or by his duly authorized agent. There was no showing that the secretary was the duly authorized agent, and we held the certificate was insufficient; but in *Haugan* v. *City of Chicago,* 259 Ill. 249, we distinguished the *Stein case,* and held sufficient a certificate signed by the secretary who was the publisher's duly authorized agent. At page 255 we said: "The defect in the certificate in *City of Chicago* v. *Stein, supra,* is not found here. There is a further sufficient answer to the objection raised on this allegation. The affidavit and certificate of publication are merely *prima facie* evidence, on which the court may or may not have acted in arriving at its finding, in a special assessment proceeding, that it had jurisdiction. There may have been other evidence submitted as to posting and publishing notices. The affidavit and certificate of publication as to mailing and posting are not allowed on a collateral attack to overthrow the judgment of the court.—*Illinois Central Railroad Co.* v. *People,.* 189 Ill. 119; *People* v. *Sargent,* 252 id. 104." *People* v. *Ward,.* 272 Ill. 65, 68, 69, is to the same effect. The attack made by appellant on the county court's judgment approving the certificate of final cost and completion must be regarded as collateral, because after the expiration of the term at which the certificate of final cost and completion is approved the court is without jurisdiction to vacate the judgment, in the absence of a statutory provision conferring such jurisdiction. (*Washington* v. *City of Des Plaines,* 344 Ill. 613, 617; *City of Chicago* v. *Smale,* 248 id. 414.) There is no bill of exceptions and we must assume, in the absence of a contrary showing, that the court's finding that notice was given according to law was based on proper proof regardless of the claimed defects in the certificate.

The judgment of the county court is correct, and it is affirmed.

*Judgment affirmed.*