(No. 34081.—

THE PEOPLE OF THE STATE OF ILLINOIS *vs.* NATIONAL BUILDER'S BANK OF CHICAGO *et al.*—(JULIA A. ADAMS BAIRD-SMITH, Appellant, *vs.* SYLVIA KAMM, Appellee.)

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

Lionel G. Thorsness, and Alfred F. Beck, both of Chicago, for appellant.

Sidney W. Mandel, Kalman S. Lieberman, and Joseph J. Sullivan, Jr., all of Chicago, for appellee.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal by Julia Adams Baird-Smith, formerly Julia A. Adams, from an order of the superior court of Cook County overruling her motion to vacate a prior decree of that court which directed the issuance of a tax foreclosure deed. A freehold being involved, this court has jurisdiction on a direct appeal.

The facts are not materially in dispute. The property in question consists of six lots, located in the village of Olympia Fields, which were acquired by Julia A. Adams and her first husband, Maurice W. Adams, as joint tenants, soon after they moved to the locality in 1924. The lots are registered in Cook County under the Torrens Act, (Ill. Rev. Stat. 1953, chap. 30, pars. 45 to 148,) and have been taxed in the name of "Julia A. Adams, Olympia Fields, Illinois" since 1929. Maurice W. Adams died in 1940, and two years later the appellant married her present husband, Hugh Baird-Smith, but continued to reside in Olympia Fields until 1947, at which time she moved, with her husband, to Crete, Illinois. Although she has resided continuously at the same location since that date, her mailing address has been changed on two different occasions. Her first address, "Post Box 156, Route 1, Crete, Illinois," was changed in 1949 to "Post Box 178," and this was in turn changed in 1950 to her present address, "1658 Main Street, Crete, Illinois."

In 1948, subsequent to the time she moved from Olympia Fields, a suit, naming appellant and her deceased hus-

band, Maurice W. Adams, as defendants, was filed by the State's Attorney in the superior court of Cook County, upon application of Sylvia Kamm, appellee, to foreclose the general real estate tax liens upon these lots for the years 1931 to 1946, inclusive. Soon thereafter, affidavits of nonresidence were signed and filed by an assistant State's Attorney which stated that Maurice W. Adams and Julia A. Adams could not, upon due inquiry, be found so that process could be served upon them and that, upon diligent inquiry, their place of residence, either present or last known, could not be ascertained. Based upon such affidavits, service was by publication and, thereafter, an order of default was entered in 1949, and a decree of foreclosure and order of sale entered in March, 1953. Subsequently, the property was sold to appellee at public sale for the sum of $1555, said sale being confirmed by the court on April 16, 1953. Pursuant thereto, a certificate of purchase was issued to appellee in June, 1953, and was registered by her with the Cook County registrar of titles in December, 1953, in accordance with section 82 of the Torrens Act. (Ill. Rev. Stat. 1953, chap. 30, par. 119.) A written notice of registration was subsequently mailed by appellee to "Maurice W. and Julia A. Adams, Village of Olympia Fields, Illinois," on January 19, 1954, but was returned unopened to the sender after having been forwarded to "Rt. 1, Box 156, Crete, Ill." by the Olympia Fields postmaster.

In December, 1954, appellee filed a petition in the superior court asking not only that a tax deed issue at the expiration of the redemption period, but also that the registrar of titles be ordered to deliver a new owner's duplicate certificate of title without first receiving and cancelling the outstanding certificate. A notice advising appellant of such petition and of the date the redemption period would expire was published for three successive weeks in a Chicago newspaper, and a copy thereof was sent to ap-

pellant by registered mail at 1658 Main Street, Crete, Illinois. Appellee did not, however, file an affidavit as to the residence of appellant as required by section 14 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 138.) At the expiration of the redemption period, on April 16, 1955, appellee's application for deed was granted, and an order was entered directing the issuance of such deed and its registration without the surrender of the prior owner's duplicate certificate of title.

The appellant took no part in any of these proceedings until August 12, 1955, at which time she entered her special appearance and filed a motion to vacate the order of April, 1955, on the grounds that she had never properly been served with process and that appellee had failed to comply with the provisions of the Torrens Act. In support thereof, she filed an affidavit stating that she was the owner of said property as surviving joint tenant; that she did in fact receive the December, 1954, notice relative to the expiration of the period of redemption; that her address appeared on the Cook County tax collector's books as "Olympia Fields, Ill." from 1929 to 1954, except for the 1953 records which show her address to be "1658 Main Street, Crete, Illinois;" that she was well known in Olympia Fields, and that her whereabouts could have been determined by diligent inquiry. At the hearing which followed, appellant admitted not only that she had received the December, 1954, notice but also that she had discussed the matter with appellee's attorney at his office in March, 1955, and had telephoned him either directly or through her attorney on several occasions prior to the time the order for deed was entered. She also stated that she did not give a change-of-address card to the postmaster upon moving from Olympia Fields; that neither her name nor that of her first husband was listed in a telephone directory subsequent to 1946, and that during the redemption period she did not have enough money to pay all delinquent

taxes which had been assessed against this property. From the order overruling her motion, the present appeal is prosecuted.

The appellant contends (1) that the superior court never acquired jurisdiction over her person, (2) that appellee did not comply with section 82 of the Torrens Act, which requires registration and notice of all certificates of sale, and (3) that the court failed to acquire sufficient jurisdiction to order the issuance of a new owner's duplicate certificate of title. Appellee, on the other hand, not only denies these allegations but also argues that this is a collateral attack which can question only errors appearing upon the face of the record. Thus, we must first consider this problem before inquiring into the merits of the case.

As appellee points out, we have frequently held that a judgment cannot ordinarily be set aside after the expiration of 30 days following its entry. (Ill. Rev. Stat. 1953, chap. 110, par. 174(7); *Barnard* v. *Michael,* 392 Ill. 130; *Village of Lansing* v. *Homesteaders Life Assn.* 367 Ill. 508.) However, it is equally well established that a void decree may be vacated at any time. (*Thayer* v. *Village of Downers Grove,* 369 Ill. 334; *Gray* v. *Black Co.* 338 Ill. 488.) From the view which we hereinafter take of this matter, it is our opinion that the record itself indicates that the lower court did exceed its jurisdiction in one particular, and that the order for deed is void to this extent. Therefore, its validity may be contested in this proceeding.

In support of her first contention, appellant argues that the service of process by publication which comprised the basis for all of these proceedings, including the decree for deed, was defective for the reason that false affidavits of nonresidence were filed by the State's Attorney. She contends that although it was stated in each of these affidavits that Maurice W. Adams and Julia A. Adams could not be found and "that upon diligent inquiry their place or places of residence, either present or last known, cannot be ascer-

tained," an inquiry in Olympia Fields or at the tax collector's office would have produced her last known address. If this had been done, she continues, and if the affidavits had contained her last known address, notice sent to Olympia Fields in 1948 and 1952 would have been forwarded to her at Crete, Illinois. She contends that since this was not done, she received no notice of any kind prior to December, 1954. Section 14 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 138,) states that before service by publication may be had, an affidavit must be filed "showing that the defendant * * * on due inquiry cannot be found * * * so that process cannot be served upon him, and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, * * *." As can be seen, the act refers only to a defendant's present place of residence and makes no mention of his last known address. Here, since such information was not required, no error could have resulted from its absence. Furthermore, defects in the affidavits of publication were waived since the appellant does not question the prior decrees of foreclosure and confirmation, which expressly found that she had been properly served with process, but seeks only to set aside the order for deed. Jurisdiction acquired in a foreclosure sale is retained for supplemental decrees as well, and since the original proceedings are not in issue, appellant cannot succeed upon this point. *Greenwald* v. *McCarthy,* 402 Ill. 135; *Allen* v. *Nettleton,* 6 Ill.2d. 141; *Clark* v. *Zaleski,* 253 Ill. 63.

Appellant next contends that appellee did not comply with that portion of section 82 of the Torrens Act (Ill. Rev. Stat. 1953, chap. 30, par. 119,) which requires a certificate holder to mail to "each" of the interested persons a notice of registration. It is her position that the notice which was mailed on January 19, 1954, to "Maurice W. and Julia A. Adams, Village of Olympia Fields, Illinois,"

and which was returned unopened to the sender after having been forwarded to Crete, was insufficient for the reason that it was not addressed to "each" interested person but was in fact addressed to both. In support thereof, she has cited the cases of *Dennison* v. *Taylor,* 142 Ill. 45, and *Rabbitt* v. *Weber & Co.* 297 Ill. 491. In the first case, a single notice of publication in an attachment suit was mailed to individual defendants as "A. T. and F. W. Dennison, Detroit, Wayne Co., Mich." The court reasoned that since it was not shown that these defendants had a common address, such as that of a partnership or agency, the postman could be expected to deliver the letter only once and, for that reason, held that it was proper notice as to only one of the defendants. In the *Rabbitt case,* the notice was not only sent to "H.O. Fischer and Margaret Fischer" but it was also mailed to a nonexistent address. Here, Maurice W. Adams had died some 14 years prior to the time the notice was mailed and any interest which he had in these premises passed to the appellant as surviving joint tenant. The notice was sent to the address shown on the collector's books and could be delivered to the only surviving party in interest by one postal delivery. In view of this, we hold that proper notice of registration was given to the appellant.

Finally, we must consider whether the lower court had sufficient jurisdiction to order the issuance of a new owner's certificate of title without the existing owner's certificate being cancelled. Section 83 of the Torrens Act (Ill. Rev. Stat. 1953, chap. 30, par. 120,) provides that, except where otherwise ordered by the court which directed the the tax sale, no certificate of title shall be issued until the outstanding certificate has been surrendered and cancelled. It goes on to say that an order directing the issuance of a certificate will be granted only after "notice either by personal service or by publication, as provided in proceedings in chancery, to all persons appearing upon the register to have any interest in the premises." Appellant had a regis-

tered interest in this property and was, therefore, entitled to either personal or published notice, in the manner prescribed by law. The attempted notice by publication in December, 1954, was defective for the reason that no affidavit was filed immediately prior to publication as required by section 14 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 138,) and for the further reason that it did not in any manner inform appellant that the issuance of a certificate was being sought. Such requirements are jurisdictional. (*Correll* v. *Greider,* 245 Ill. 378; *Anderson* v. *Anderson,* 229 Ill. 538; *Boyland* v. *Boyland,* 18 Ill. 551.) The attempted notice by registered mail was equally objectionable since it did not meet the requirements of personal service. (Ill. Rev. Stat. 1953, chap. 110, par. 137.) The argument that findings of a lower court should not be disturbed by an attack of this nature is also ineffective because the trial court in this case at no time made *any* finding that the requirements of the Torrens Act had been met. We therefore hold that the provisions as to service of notice contained in section 83 of the Torrens Act are conditions precedent which were not met and without which the lower court had no jurisdiction to order the issuance of a new owner's certificate of title without requiring the outstanding certificate to be surrendered for cancellation. By so holding, it is not our intention to infer that the notice given in accordance with sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1953, chap. 120, pars. 744 and 747,) was in any manner irregular, or that the superior court erred in ordering the tax foreclosure deed to issue. Neither will this decision preclude the lower court from entertaining a subsequent petition for certificate filed by appellee in accordance with the provisions of the Torrens Act.

For the reasons stated, the order of the superior court of Cook County is reversed and the cause is remanded to that court with directions to vacate only so much of its

order as directs the issuance of a new owner's duplicate certificate of title, and to entertain such further proceedings as may be in accordance with this decision.

*Reversed and remanded, with directions.*