(No. 34376.—

THE VILLAGE OF DOLTON *vs.* FIRST NATIONAL BANK OF BLUE ISLAND *et al.*—(MATILDA NEWMAN, Appellant, *vs.* FLORENCE WESTFALL *et al.*, Appellees.)

*Opinion filed Nov. 20, 1957—Rehearing denied Jan. 20, 1958.*

James Paul DeLaney, of Chicago, for appellant.

Slutzky & Slutzky, and Harold Summerfield, both of Chicago, (Nathan Slutzky, of counsel,) for appellees.

Mr. Justice Daily delivered the opinion of the court: This is an appeal by Matilda Newman, the original freehold owner, from an order of the superior court of Cook County denying her petititon to set aside a tax foreclosure deed for property purchased by Florence Westfall and later conveyed to Eugene Mantz, both of whom are the present appellees.

In 1931 the appellant bought a city lot in "Calumet Business Center" and thereafter duly recorded her deed in the Cook County recorder's office. General taxes upon said property were paid by her, and until 1936 the tax books correctly reflected her home address as 831 N. La Salle Street, Chicago, Illinois. At that time, however, and despite her continued residence at the N. La Salle Street location, appellant, who testified her purpose was to conceal her ownership of the property, caused the tax records to be changed so as to show her address as 6406 Dorchester, Chicago, c/o C. F. Webster. Thereafter, all tax statements and delinquency notices were sent to the latter location, and until his removal in 1953 were forwarded by Webster to appellant at her N. La Salle Street number.

On September 25, 1951, a complaint was filed in the superior court of Cook County by the village of Dolton to foreclose special assessment tax liens against various properties including that owned by the appellant. Affidavits as to unknown owners and for publication were filed, which stated that it could not be determined whether Matilda Newman was living or dead and that upon diligent inquiry her place of residence could not be ascertained. Based upon such affidavits, service was had upon appellant by publication, and thereafter orders of default and for foreclosure were entered, resulting in a tax sale of the premises to Florence Westfall on June 12, 1952, said sale being subsequently confirmed by the court.

. Some 20 months later, Westfall filed her petition for tax foreclosure deed and on March 10, 1954, sent a notice of redemption period expiration by registered mail to Matilda Newman in care of C. F. Webster at the Dorchester Avenue address, which was later returned unopened. Publication of notice to Matilda was also had in a secular newspaper upon three separate occasions during the months of February and March, 1954. Prior to the delivery of the tax deed to Westfall on June 22, 1954, she filed her affidavit

showing that searches were made of the public records between June 12, 1952, and June 12, 1954, but that upon diligent and careful inquiry, Matilda Newman could not be found. On June 29, 1954, the property was conveyed by Westfall to Eugene Mantz and Lucienne Mantz, the former being an appellee in this court.

The appellant had no actual knowledge of any of these proceedings until she attempted to sell the property in October, 1954. Upon being advised of the outstanding interests, she filed a petition in the cause on February 18, 1955, seeking to set aside the tax deed and to redeem the premises from the foreclosure sale on the ground that no diligent inquiry was made to determine her whereabouts prior to the application for the issuance of such deed. Upon hearing, the superior court denied the petition, and a freehold being involved, direct appeal has been taken to this court.

It must be noted that the appellant has at no time challenged the validity of the original default order, the decree of foreclosure, the order confirming sale, or the sale itself, but has limited her attack to the decree directing issuance of the tax foreclosure deed which was entered subsequent to the expiration of the redemption period. In fact, the appellant has recognized the validity of the prior proceedings both by failing to contest their existence and by requesting an extension of the redemption period. In so doing, she has also acknowledged the legality of the service by publication upon which said orders were based. As was said in *People* v. *National Builder's Bank,* 10 Ill.2d 121, jurisdiction acquired in a foreclosure sale is retained for supplemental decrees as well, and where the prior proceedings are not in issue, defects arising in the initial process may not be raised. Thus, we are not concerned with the service by publication which occurred in 1951 but the sole question is whether the statutory requirements preliminary to the issuance of a tax deed were in fact met.

Sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1953, chap. 120, pars. 744 and 747) provide that before a tax deed may issue, notice must be served upon the person in whose name the property was last assessed for general taxes, describing, among other things, the date the redemption period expires, the filing of a petition for deed, and the time when application for an order on said petition will be made. It is further provided that in the event the tax-record owner cannot, upon diligent inquiry, be found within the county, notice must be sent by registered mail to the address shown for such person on the assessor's books and also published in a newspaper of general circulation. These steps were taken in the present case. Within the period stated in the Revenue Act, Florence Westfall sent such notice by registered mail to appellant at the Dorchester address, published the notice in a secular newspaper, and filed an affidavit stating that upon diligent and careful inquiry the appellant could not be located. The superior court in its decree for deed specifically found that all notices required by sections 263 and 266 were duly served upon all persons entitled thereto. Nevertheless, appellant now contends that sufficient inquiry was not made to determine her whereabouts. She points out that a receipt and delivery-book entry were prepared at the time she recorded her deed in 1931 which correctly reflected her home address, and that although it has been filed in the recorder's office since that date, it was never found by the affiant. She also notes that the Dorchester address was available in the tax office since 1937 but that no attempt was made to contact her there prior to Webster's removal in 1953.

It is true that appellant's N. La Salle Street address was found on certain receipt and delivery-book records procured from the county recorder at the time of hearing upon her petition. However, the deputy recorder testified that such records were not kept at the recorder's office but had for many years been stored in a warehouse not open to the

general public. It is not denied that no inquiry was made of Webster from the date of sale until his removal from Dorchester Avenue. Yet this does not mean that no such search was attempted subsequent to that date or that Westfall was under a duty to inquire at any particular time.

Our whole system of judicial sales is based upon the public's willingness to accept titles thereby created and, for that reason, it has long been the court's policy to protect the purchaser whenever possible. Only in an exceptional circumstance will the tax title be defeated. (*Rivard* v. *Gardner,* 39 Ill. 125; *Hunter* v. *Stoneburner,* 92 Ill. 75; *Janove* v. *Bacon,* 6 Ill.2d 245.) Here, the Dorchester address was found on the assessor's records and notice sent prior to the expiration of the period of redemption; an affidavit was filed describing searches made "of the record books, tax warrants and sales and judgment records in the offices of the County Clerk and the County Treasurer of Cook County, Illinois, of the tract books and the grantor and grantee indices of the Recorder of Deeds of Cook County, and the indices, books and records and files of the Clerks of the Circuit and Superior Courts of Cook County, of the directories of the City of Chicago, and the Suburban Directories of the Illinois Bell Telephone Company" during the period of redemption; similar evidence of search was produced at the hearing in this cause; and the superior court expressly found that all conditions precedent to a tax deed had been met. The only contrary evidence was the fact that appellant's actual location was not discovered.

It is intended that a person seeking judgment will make an honest attempt to see that adverse parties have notice of the proceedings, and such inquiry must be as full as the particular situation will permit. (*Romain* v. *Lambros,* 7 Ill.2d 206; *Callner* v. *Greenberg,* 376 Ill. 212.) This does not, however, require perfection. The mere failure to uncover a particular fact does not in and of itself indicate lack of diligent inquiry, especially where the fact is as

well hidden as was appellant's home address. There has been no showing whatsoever that an honest effort was not made by affiant to locate the appellant or that fraud was committed upon the court. It is, of course, unfortunate that appellant did not receive notification of sale prior to the expiration of her redemption rights. Nevertheless, it cannot be said that she is entirely blameless. Had she not sought to conceal her ownership, there is little doubt but that she would have been informed of all proceedings in due course.

For the reasons stated, we hold that all statutory requirements preliminary to the issuance of a tax deed were met in the present case. The order of the superior court of Cook County is, therefore, affirmed.

*Order affirmed.*